CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 27 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAUL RAMOS,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:15-cv-00071 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| J.A. WOODSON, <u>et al.</u>,<br>    <u>Defendants</u>. | ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Raul Ramos, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about the medical care he receives in prison and believes that Warden J.A. Woodson is liable. After screening the Complaint, the court dismisses the action without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, <u>Anderson v. XYZ Correctional Health Services. Inc.</u>, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life," <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar civil actions filed by prisoners under § 1983. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). A plaintiff is not required to plead administrative exhaustion in the complaint. <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). However, a court may raise the issue of exhaustion and summarily

dismiss a complaint when the failure to exhaust is apparent from the face of the submission. Anderson, 407 F.3d at 682.

It is clear from the face of Plaintiff's submissions that he did not attempt administrative remedies provided by Virginia Department of Corrections Operating Procedure 866.1 before filing this action. Until Plaintiff attempts to exhaust the available administrative remedies, he has not given prison officials a fair opportunity to address his issues, which is one of the primary justifications for the exhaustion requirement. Because it is clear from Plaintiff's own submissions that he has not attempted administrative remedies before filing this lawsuit, I dismiss the Complaint without prejudice, pursuant to 42 U.S.C. § 1997e(a).[1]

**ENTER:** This 27th day of February, 2015.

Senior United States District Judge

---

[1] Plaintiff may refile his claims in a new civil action once he exhausts all available administrative remedies.